UNITED STATES of America,
Plaintiff-Appellee,

v.

Barry Gene SPENCE,
Defendant-Appellant.

No. 82–8776
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 7, 1983.

Jack Friday, Jr., Savannah, Ga., for defendant-appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief Appellate Sec., Alan Hechtkopf, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

In this appeal from the Southern District of Georgia, petitioner Spence seeks reversal of the court's denial of his motion to dismiss for prosecutorial vindictiveness. At issue is whether this denial was error. Spence was convicted in December 1982 on two counts of attempting to evade income taxes for 1976 and 1977 and on one count of submitting a false financial statement to the Small Business Administration. He received two consecutive five-year terms on the tax evasion counts and a two-year suspended sentence on the false statement count. Spence filed several pretrial motions including a motion to dismiss the indictment on the ground of prosecutorial vindictiveness. After an evidentiary hearing, the court denied the motion. We affirm.

## BACKGROUND

In July 1979, defendant was convicted and sentenced to ten years imprisonment for conspiracy to possess marijuana and for possession of marijuana with intent to distribute. One of the prosecutors in that case was United States Attorney William McAbee. Defendant appealed, and the former Fifth Circuit reversed the conviction on March 12, 1981. *United States v. Davis,* 639 F.2d 239 (5th Cir.1981). In June 1981, defendant was retried on the marijuana charges and acquitted. Mr. McAbee again served as one of the prosecuting attorneys in the 1981 trial.

Before defendant had filed his appeal from the 1979 conviction, the Internal Revenue Service (IRS) had commenced an investigation against Spence. On February 19, 1980, while defendant's appeal was pending, the IRS recommended that the Tax Division of the Department of Justice prosecute defendant on tax evasion and false statement charges. Although the tax evasion charges related to marijuana smuggling income, the IRS's investigation did not involve the same smuggling activities which formed the basis of defendant's 1979 conviction.

After reviewing the IRS investigator's report, the responsible attorney in the Department of Justice Tax Division recommended that no action be taken while the defendant's appeal from the marijuana conviction was pending before the court of appeals. As subsequent discussion will reveal, this decision was consistent with Department of Justice policy, and no analysis of the IRS recommendation occurred until the appellate court issued its decision.

Shortly after the Fifth Circuit's March 12, 1981 reversal of defendant's conviction for his 1979 marijuana-related activities,

the Tax Division of the Department of Justice recommended prosecution of Mr. Spence for the tax evasion and false statement charges. On May 7, 1981, the Tax Division transmitted the case to the United States Attorney with a recommendation that the case be presented to the grand jury. Pursuant to this recommendation, and subsequent to defendant's June 1981 acquittal on retrial of the 1979 marijuana charges, the United States Attorney presented evidence to a grand jury in Savannah, Georgia, during August 1981. Again, the United States Attorney involved was Mr. McAbee. Subsequently, however, the Tax Division assumed responsibility for presenting the tax evasion and false statement case to a grand jury. The Tax Division attorney presented the case to an entirely different grand jury sitting in Brunswick, Georgia, and the Brunswick grand jury used no information from the Savannah grand jury, over which McAbee had presided. The Brunswick grand jury returned the tax evasion and false statement indictment on July 23, 1982. The maximum imprisonment to which defendant was exposed under the Brunswick indictment was twelve years, two years more than the reversed 1979 drug conviction.

## PROSECUTORIAL VINDICTIVENESS

■ As a general rule, the courts are not free to interfere with the prosecuting officer's discretionary decision to prosecute crime. *United States v. Cox,* 342 F.2d 167, 171 (5th Cir.1965). The due process clause, however, circumscribes a prosecutor's decision to reindict a defendant. *Blackledge v. Perry,* 417 U.S. 21, 26, 94 S.Ct. 2098, 2101, 40 L.Ed.2d 628, 633 (1974). Reindictment violates due process whenever a prosecutor adds new charges merely to retaliate against the defendant for exercising statutory or constitutional rights. Accordingly, this court has held that the due process clause protects a defendant's right of direct appeal from prosecutorial vindictiveness. *See Jackson v. Walker,* 585 F.2d 139 (5th Cir.1978).[1]

### Presumptive Vindictiveness

■ Each claim of prosecutorial vindictiveness gives rise to a different analysis based on the unique facts of the individual case. *United States v. Krezdorn,* 693 F.2d 1221, 1227 (5th Cir.1982). The law of prosecutorial vindictiveness in the various circuits has been termed "chaotic." *United States v. Andrews,* 612 F.2d 235, 257 (6th Cir.1979) (Keith, J., dissenting), *vacated and remanded,* 633 F.2d 449 (6th Cir.1980) (en banc), *cert. denied,* 450 U.S. 927, 101 S.Ct. 1382, 67 L.Ed.2d 358 (1981). To help simplify judicial analysis of prosecutorial vindictiveness claims, the Supreme Court developed a "presumption of vindictiveness." *Blackledge v. Perry, supra.*[2]

Courts in this circuit construing post-*Blackledge* decisions have held that whenever a prosecutor brings more serious charges following the defendant's exercise of procedural rights, "vindictiveness" is presumed, provided that the circumstances demonstrate either actual vindictiveness or a realistic fear of vindictiveness. Where the circumstances show only a realistic fear of vindictiveness, however, the strength of the presumption is determined by a balancing test which "weigh[s] the need to give defendants freedom to decide whether to appeal against the need to give the prosecutors freedom to decide whether to prosecute." *Jackson, supra,* 585 F.2d at 145. Where permitting reindictment would chill a defendant's exercise of procedural rights

1. For a list of other rights protected from prosecutorial vindictiveness, see *United States v. Thomas,* 593 F.2d 615, n. 28 (5th Cir.1979).

2. The Supreme Court originally developed the presumption in the context of "judicial vindictiveness." *See North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Blackledge v. Perry,* the Court extended the *Pearce* presumption to prosecutorial vindictive-ness cases. *See* 417 U.S. at 28–29, 94 S.Ct. at 2103. The Supreme Court's most recent discussion of prosecutorial vindictiveness makes clear that the presumption is "applicable in all cases" unless the court finds that it is not warranted. *United States v. Goodwin,* 457 U.S. 368, 381, 102 S.Ct. 2485, 2493, 73 L.Ed.2d 74, 85 (1982).

to a greater extent than forbidding reindictment would infringe upon the prosecutor's exercise of independent discretion, "the reasonable apprehension of vindictiveness, without a showing of actual retaliatory motive, is sufficient to establish a due process violation." *Id.* at 144–45. Where the balance tips in the opposite direction, however, such a showing establishes "only prima facie proof of a due process violation," and the burden then shifts to the government "to prove that there was no actual vindictiveness." *Id.* To sustain this burden, the government must offer objective proof which explains or justifies the prosecutor's decision. *United States v. Krezdorn, supra,* 693 F.2d at 1225; *United States v. Thomas,* 593 F.2d 615, 624 (5th Cir.1979); *Jackson, supra,* 585 F.2d at 144–45; *Hardwick v. Doolittle,* 558 F.2d 292, 299, 301 (5th Cir.1977), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978).

Although our later discussion makes it unnecessary to rule expressly on the presumption issue, we doubt whether the defendant in this case is entitled to a presumption of vindictiveness. In *United States v. Thomas, supra,* the defendants alleged that the government had instituted tax fraud charges against them to retaliate for their exercising their constitutional right to be apprised of the charges against them. 593 F.2d at 624. To establish a prima facie case, the law in this circuit required the defendant to show that the subsequent charges carried a potentially greater sentence than the original charges and that the circumstances demonstrated either actual vindictiveness or a realistic fear of vindictiveness. *Hardwick v. Doolittle, supra,* at 299. Accordingly, the *Thomas* court held that, under the circumstances, the defendant had established a prima facie case by showing that the tax fraud charges carried a potentially greater sentence than the original charges even though, as in this case, the tax count was unrelated to, and was not a part of, the "spree of activity" originally indicted. 593 F.2d at 624. By establishing a prima facie case, the defendant became entitled to a presumption of vindictiveness, and the burden shifted to the government to rebut the presumption. *Id.*

■ The subsequent charges in the instant case, as in *Thomas,* exposed the defendant to a potentially greater sentence than did the original charges. An important factual distinction between the two cases, however, suggests that while the *Thomas* situation may have satisfied the additional threshold requirement that the circumstances demonstrate either "actual vindictiveness or a realistic fear of vindictiveness," no such showing has been made in this case. In *Thomas,* the IRS investigation of the defendant did not commence until after Thomas had successfully challenged the original indictment. 593 F.2d 615 at n. 30. By contrast, in the instant case the IRS investigation began well before defendant Spence had appealed his 1979 conviction. Such circumstances do not demonstrate either the existence or appearance of prosecutorial vindictiveness as required by the law of this circuit.

■ Furthermore, in light of the United States Supreme Court's decision in *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), invoking a presumption of vindictiveness under the facts of this case may not be justifiable. In *Goodwin,* the Supreme Court offered two reasons to justify imposition of a presumption of vindictiveness. First, because a prosecutor's assessment of the proper extent of prosecution should crystallize by the time the initial trial begins, increased charges on retrial are "unlikely to be based on new information or a different approach to prosecutorial duty." 457 U.S. at 381, 102 S.Ct. at 2493, 73 L.Ed.2d at 85. Secondly, "institutional biases inherent in the judicial system" disfavor the retrial of issues already decided. 457 U.S. at 375–76, 102 S.Ct. at 2490–91, 73 L.Ed.2d at 81–82. These factors indicate a likelihood of, rather than a mere opportunity for, vindictiveness. 457 U.S. at 384, 102 S.Ct. at 2494, 73 L.Ed.2d at 87. Therefore, they serve as a test to determine whether invoking a presumption of vindictiveness is justifiable.

*See United States v. Krezdorn, supra,* at 1225–26.

 Neither prong of the *Goodwin* test justifies use of a presumption where the activity indicted after the defendant exercises a prosecutorial right is separate and distinct from, and not a part of, the "spree of activity" which prompted the original indictment. First, where the subsequent charges are unrelated to the activity involved in the original indictment, there is no reason to assume that the "prosecutor's assessment of the proper extent of prosecution [would have] crystallized." [3] Indeed, in this case the IRS did not even recommend prosecution until well after the original trial commenced. Likewise, where the indicted activities share no common questions of law or fact, "the 'institutional biases inherent in the judicial system' [which] disfavor the retrial of issues already decided" [4] have no application. *See United States v. Robison,* 644 F.2d 1270, 1272–73 (9th Cir.1981) (defendant's claim of prosecutorial vindictiveness is weakened by the fact that the subsequent prosecution is based on a different set of facts from those of previous prosecutions).[5]

### Objective Proof

 Today we need not determine *Goodwin's* effect on the use of a presumption of vindictiveness where separate and distinct activity is involved, however, because, with or without the benefit of a presumption, the record simply does not support a claim of prosecutorial vindictiveness. In the classic prosecutorial vindictiveness case, the subsequent charges are merely "harsher variations of the same original decision to prosecute." *Hardwick v. Doolittle, supra,* 558 F.2d at 302 (citing *Blackledge*). In such cases, the court's task is "to examine the perception and apprehen-

sion of the defendant, rather than to focus on the benignity of the prosecutor." *United States v. Krezdorn, supra,* 693 F.2d at n. 16. Where the subsequently indicted activity is separate and distinct from the criminal conduct originally indicted, however, a defendant's due process rights are offended only if there is actual vindictiveness as opposed to the mere apprehension of vindictiveness. *United States v. Thomas, supra,* 593 F.2d at 624. That is, the court examines "the prosecutor's actions rather than the defendant's reactions." *Hardwick v. Doolittle, supra,* 558 F.2d at 302.

In this case, the government has offered sufficient proof to preclude any finding of vindictiveness. First, the Tax Division did not receive the IRS report recommending the instant prosecution until February 1980. Thus, neither the Tax Division nor the United States Attorney's Office that tried the 1979 drug case had the IRS's evidence of the tax and false statement offenses until after the defendant had appealed his drug conviction. Consequently, neither office could have prosecuted the crimes revealed in the IRS report before the defendant appealed the drug conviction. Although in *Blackledge* the Supreme Court presumed vindictiveness where the prosecutor substituted more serious charges after an accused requested a trial de novo, the Court recognized that "this would clearly be a different case if the state had shown that it was impossible to proceed on the more serious charge at the outset." 417 U.S. at 29 n. 7, 94 S.Ct. at 2103, n. 7, 40 L.Ed.2d at 635 n. 7. Because the IRS Special Agent did not submit his investigative report until June 19, 1979, the Tax Division's prosecution of the "more serious" tax and false statement charges could not possibly have coincided with the prosecution of the 1979 drug charges.

---

**3.** *United States v. Goodwin, supra,* at 102 S.Ct. 2493.

**4.** *United States v. Krezdorn, supra,* 693 F.2d at 1226 (quoting *Goodwin*).

**5.** It should be noted that, if we were to find that the defendant is not entitled to a presump-

tion of vindictiveness, the defendant would not be foreclosed from proving objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do. *See United States v. Goodwin, supra,* 457 U.S. at 384, 102 S.Ct. at 2494, 73 L.Ed.2d at 87.

Second, the decisional process by which the Department of Justice decided to prosecute the tax and false statement claims establishes that there was no vindictiveness. The reason the Department of Justice did not initiate the prosecution of the tax and false statement charges until the drug conviction was overturned was because the defendant was a potential beneficiary of the "dual prosecution policy." Under this policy, the Department of Justice, despite the sufficiency of the evidence, may decline to authorize prosecution if the individual in question is currently incarcerated for some other act. While Spence's appeal proceeded, the Department held his file in abeyance. When his conviction was reversed by the Fifth Circuit, the dual prosecution policy was no longer applicable, and the Department began an active review of the sufficiency of the evidence in the tax evasion case. After reviewing Spence's file, the Department concluded that prosecution was proper.

■■■■■ A charging decision does not impose an improper "penalty" unless it results from a defendant's exercise of a protected legal right, rather than the prosecutor's normal assessment of the societal interest in prosecution. *Goodwin, supra,* 457 U.S. at 380 n. 11, 102 S.Ct. at 2492 n. 11. The Department of Justice will invoke the dual prosecution policy, and thereby decline to prosecute, only if a prison sentence has been imposed. It is the nonexistence of a prison sentence, not the defendant's exercise of a procedural right, that makes the policy inapplicable. If no prison sentence exists, regardless of the reason, the policy is inapplicable. Furthermore, the government has demonstrated that, even if a prison sentence exists, the policy is frequently waived in drug cases. Thus, the government has sufficiently explained the dual prosecution policy to negate any inference that the policy itself is vindictive, *i.e.,* not based on valid prosecutorial concerns.

### CONCLUSION

Although there is some doubt in this case as to whether Spence is entitled to a pre-sumption of vindictiveness, our consideration of the record, as a whole, reveals that a claim of prosecutorial vindictiveness cannot be sustained. We do not hold, however, that any one of the factors listed above which tend to negate objective proof of vindictiveness either is or is not alone sufficient to negate defendant's claim. Rather, considering all the evidence before the court, we find that the district court was correct in dismissing defendant's claim of prosecutorial vindictiveness. The order below is, therefore, AFFIRMED.