**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Michael TAYLOR, Defendant-Appellant.**

No. 84–8409
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 8, 1985.

Stanley M. Baum, Atlanta, Ga., for defendant-appellant.

**1512**

Craig A. Gillen, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Taylor appeals his convictions for possessing with intent to distribute hashish, 21 U.S.C. § 841(a)(1) (1982); possession of a firearm by a felon, 18 U.S.C. app. § 1202 (1982); and possession of a firearm without a serial number. *Id.* He claims that his convictions were the product of prosecutorial vindictiveness. We disagree and affirm.

On March 31, 1982, FBI agents arrested Taylor at his apartment in Atlanta, Georgia on a federal fugitive warrant from the Eastern District of Pennsylvania. The agents, with Taylor's consent, searched his apartment and seized cocaine, hashish, a revolver, and a "pen gun." After Taylor expressed a desire to dispose of all the federal charges pending against him by pleading guilty in one proceeding, he was indicted in the Northern District of Georgia on one count of possession of cocaine with intent to distribute, and the case was transferred to the Eastern District of Pennsylvania pursuant to Fed.R.Crim.P. 20. Taylor declined to plead guilty in that court, however, and consequently his cocaine case was transferred back to the Northern District of Georgia.

Taylor thereafter moved to suppress the cocaine the FBI agents had seized from his apartment. A magistrate, following an evidentiary hearing, denied his motion, concluding that he had consented to the search. Pursuant to a stipulation, the case was tried to the district court on the record made at the suppression hearing. The court found Taylor guilty of possession of cocaine with intent to distribute and sentenced him to fifteen years imprisonment, the maximum sentence for that offense. On appeal, however, we reversed, concluding that the evidence was sufficient to prove mere simple possession, a misdemeanor, not possession with intent to dis-

tribute, a felony. *United States v. Taylor,* 710 F.2d 839 (11th Cir.1983). On receipt of the mandate, the district court resentenced Taylor to one year of imprisonment.

Shortly thereafter, Taylor was indicted on the four felony counts now before us, based on the hashish and firearms the agents seized, along with the cocaine, from Taylor's apartment on March 31, 1982. These four charges exposed Taylor to a maximum possible punishment of twenty-seven years imprisonment. Taylor moved to dismiss the indictment on the ground of prosecutorial vindictiveness. The motion was referred to a magistrate. The magistrate held an evidentiary hearing and concluded that the government had failed to prove lack of prosecutorial vindictiveness. He therefore recommended that the district court dismiss the indictment.

The government objected to the magistrate's recommendation, and the district court took additional testimony. It concluded that there was no prosecutorial vindictiveness, rejecting the magistrate's contrary recommendation, and denied Taylor's motion to dismiss the indictment.

Following a bench trial, Taylor was convicted as charged and sentenced to a total of ten years imprisonment, with a fifteen-year special parole term. This appeal followed.

Taylor contends that the government failed to carry its burden of showing, by objective evidence, no vindictiveness in its decision to prosecute him on the four additional charges following his successful appeal of his cocaine conviction. He maintains that these additional charges were known to the government and could have been brought at the time it charged him with possession of cocaine with intent to distribute.

The government argues, in response, that the initial indictment was based on Taylor's agreement to plead guilty in Pennsylvania under Rule 20, and that that indictment was not superseded by an enlarged indictment prior to trial due to an agreement between the parties to allow Taylor to litigate the validity of the FBI

search and to preserve that issue for appellate review. The government therefore claims that its motive in indicting Taylor for the additional offenses was not to punish him for his successful appeal but to ensure that he received a sentence commensurate with his criminal activity, as contemplated in the agreement leading to the original trial stipulation.

In recommending that Taylor's indictment be dismissed, the magistrate cited *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), and *United States v. Spence,* 719 F.2d 358 (11th Cir.1983), for the proposition that prosecutorial vindictiveness is presumed whenever a prosecutor brings more serious charges following the defendant's exercise of procedural rights, providing the circumstances demonstrate actual vindictiveness or a realistic fear of vindictiveness, and concluded that the government had failed to overcome that presumption by showing no vindictiveness in its decision to bring the new indictment. The district court, also relying on *Spence,* concluded that the new indictment involved criminal activity "separate and distinct" from that charged in the original indictment, that, under these circumstances, Taylor's rights to due process were violated only if the prosecutor acted with "actual vindictiveness" in bringing the new indictment, and that the record showed no actual vindictiveness on the part of the government. On this record, the district court's conclusion was correct.

██ A prosecutor's decision to reindict a defendant is limited by the due process clause. *Blackledge v. Perry,* 417 U.S. 21, 25, 94 S.Ct. 2098, 2101, 40 L.Ed.2d 628 (1974). That clause protects a defendant's right of direct appeal from prosecutorial vindictiveness. *Jackson v. Walker,* 585 F.2d 139, 148 (5th Cir.1978). Whenever, following a defendant's appeal, a prosecutor brings a charge carrying a potentially greater sentence than the original charge, vindictiveness is presumed, provided that the circumstances demonstrate either actu-

al vindictiveness or a realistic fear of vindictiveness. *Spence,* 719 F.2d at 361–62 (citing *Hardwick v. Doolittle,* 558 F.2d 292, 299 (5th Cir.1977)), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978). The government may rebut this presumption of vindictiveness by offering "objective proof which explains or justifies the prosecutor's decision." *Spence,* 719 F.2d at 362. *See Hardwick,* 558 F.2d at 301 (the prosecutor may rebut defendant's *prima facie* proof of a due process violation by establishing that his reasons for adding new charges were other than to punish defendant for exercising his legal rights).

In *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 2493, 73 L.Ed.2d 74 (1982), the Supreme Court said that prosecutorial vindictiveness was more likely, and application of a presumption of vindictiveness therefore more justifiable, in a charging decision made after trial, rather than before trial. This is because a prosecutor's assessment of the proper extent of the prosecution should crystallize by the time the initial trial begins, and the institutional biases inherent in the judicial system disfavor the retrial of issues already decided. In the instant case, it is debatable whether a presumption of vindictiveness is justified because, as will be seen, the prosecutor's assessment of the prosecution, under the unique facts of this case, may not have been "crystallized" by the time of the initial trial. Nonetheless, it is unnecessary to decide this issue because, as in *Spence,* the record did not support a claim of prosecutorial vindictiveness, even if a presumption of vindictiveness were applied.*

██ When a prosecutor adds a new charge for relatively separate and distinct criminal conduct that occurred in the same "spree of activity," a defendant's due process rights are offended only if there is actual vindictiveness as opposed to the mere apprehension of vindictiveness. *United States v. Thomas,* 593 F.2d 615,

---

* For this reason we deem it unnecessary to decide whether to adopt the "totality of the circumstances" test utilized by the Fifth Circuit in *United States v. Krezdorn,* 718 F.2d 1360 (5th Cir.1983) (en banc), *cert. denied,* —— U.S. ——, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984), to determine the applicability of a presumption of vindictiveness.

624 (5th Cir.1979), *cert. denied,* 449 U.S. 841, 101 S.Ct. 120, 66 L.Ed.2d 48 (1980); *Hardwick,* 558 F.2d at 302. In determining whether the prosecutor has shown an absence of vindictiveness, the court must examine " 'the prosecutor's actions rather than the defendant's reactions.' " *Spence,* 719 F.2d at 363 (quoting *Hardwick,* 558 F.2d at 302).

At the hearings below, the prosecutor testified that he initially charged only the cocaine offense because he thought a possible maximum fifteen-year sentence was sufficient, given Taylor's agreement to plead guilty under Rule 20. Unquestionably, the government could have added the additional charges following Taylor's refusal to plead guilty under Rule 20. *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). The prosecutor testified that he did not add the charges prior to trial, stipulating instead to a trial on the record made at the suppression hearing, because he had informally agreed with Taylor's attorney to allow him to appeal the court's denial of his motion to suppress. The prosecutor stated he thought the motion was frivolous and that the potential fifteen-year sentence still would be adequate. He also testified that, when he stipulated to a bench trial, he did not realize the record of the suppression hearing contained insufficient evidence of the quantity and quality of cocaine to support a conviction of possession with intent to distribute; that he contemplated reindicting Taylor on the additional charges when Taylor claimed on appeal, and would likely win the point, that the evidence was insufficient to support such a conviction; and that he decided to reindict Taylor after we reversed his conviction. Finally, the prosecutor testified that, although his decision to reindict Taylor was based partially on his feeling that Taylor's attorney had violated their informal agreement, it was based primarily on his view of an equitable and appropriate sentence for Taylor's criminal conduct. Taylor's attorney did not dispute the essentials of the prosecutor's version of their informal agreement and the events leading to the initial trial and appeal.

Under these circumstances, the district court correctly concluded that the prosecutor's motivation for indicting Taylor on additional charges was to secure a conviction and sentence commensurate with his assessment of Taylor's criminal conduct and not to penalize him for taking an appeal. A prosecutor's charging decision does not impose an improper "penalty" on a defendant unless it results from the defendant's exercise of a protected legal right, as opposed to the prosecutor's normal assessment of the social interests to be vindicated by the prosecution. *Spence,* 719 F.2d at 364 (citing *Goodwin,* 457 U.S. at 380 n. 11, 102 S.Ct. at 2492 n. 11). A mistake or oversight in the prosecutor's initial decision is a sufficient explanation to negate a subsequent claim of vindictiveness. *Hardwick,* 558 F.2d at 301. The district court, here, did not err in concluding that the government had shown its decision to indict Taylor on the additional charges to be free of vindictiveness. Taylor's convictions are, accordingly,

AFFIRMED.