UNITED STATES of America, Plaintiff,

v.

Alton Vernell GILLEY, Defendant.

No. TCR 87–04052–WS.

United States District Court,
N.D. Florida,
Tallahassee Division.

May 6, 1988.

Michael T. Simpson, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff.

Jon Caminez, Tallahassee, Fla., Harold S. Richmond, Quincy, Fla., for defendant.

ORDER

STAFFORD, Chief Judge.

The above-styled cause is before this court upon defendant's motion for new trial, motion for arrest of judgment and supplemental memorandum. *See,* documents

---

50, 51, and 59. The government has responded to the defendant's motions and objects to the relief requested therein. *See,* document 53. On April 29, 1988 this court heard oral argument on Mr. Gilley's motion for arrest of judgment and denied the motion *ore tenus.* This order is entered to explain the reasons for this court's ruling.

At the outset, this court notes that the government argues that defendant's motion under Federal Rule of Criminal Procedure 34 is untimely, and that, in ruling on the motion, this court's inquiry is restricted to the "record" consisting of the indictment, the plea and the verdict. This court concludes that whether Mr. Gilley's motion is treated as a timely-filed Rule 34 motion or a timely-filed motion to dismiss under Fed.R.Crim.P. 12(b)(2), and whether this court's attention is restricted to the record, or this court should peruse all of the evidence and arguments presented, the defendant is not entitled to a dismissal of the indictment based on prosecutorial vindictiveness.

The basis of Mr. Gilley's motion for arrest of judgment is his contention that the state and federal prosecuting authorities involved in this case decided to enter a *nolle prosequi* in the state case and instead prosecute him federally for the same criminal acts, in order to punish him for exercising his procedural right to file a motion to suppress in state court. The "punishment" is this: if convicted in state court, Mr. Gilley would have served approximately 19 months of a 3 year sentence. Based on his conviction in this court, he faces a minimum mandatory sentence of 10 years. The defendant's underlying premise cannot be doubted: "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74, 80 (1982). *See also, Goodwin,* 457 U.S. at 381, 102 S.Ct. at 2492, 73 L.Ed.2d at 85 (arguably recognizing the filing of a motion to suppress as a "procedural right").

In a series of opinions starting with *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and including *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) and *United States v. Goodwin, supra,* the Supreme Court has enunciated the reasons for its rulings on prosecutorial vindictiveness claims. "[T]he Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of vindictiveness." *Perry, supra,* 417 U.S. at 27, 94 S.Ct. at 2102, 40 L.Ed.2d at 634. Evidence that the prosecutor acted in bad faith or with malice is not required, for a defendant should be free of the apprehension of vindictiveness or retaliatory behavior.

In *United States v. Taylor,* 749 F.2d 1511, 1513 (11th Cir.1985), the Eleventh Circuit sets out its interpretation of the pertinent Supreme Court cases:

> Whenever, following a defendant's appeal, a prosecutor brings a charge carrying a potentially greater sentence than the original charge, vindictiveness is presumed, provided that the circumstances demonstrate either actual vindictiveness or a realistic fear of vindictiveness. The government may rebut this presumption of vindictiveness by offering "objective proof which explains or justifies the prosecutor's decision." (citations omitted)

*See also, United States v. Spence,* 719 F.2d 358, 361 (11th Cir.1983) and *Hardwick v. Doolittle,* 558 F.2d 292, 299 (5th Cir.1977).

Of course, Mr. Gilley's case does not exactly fit the scenario discussed in *Perry* and in *Spence, supra,* because the federal indictment challenged in this case was not brought after his successful appeal of the state court conviction. Indeed, the factual scenario presented here does not quite fit the typical pretrial vindictiveness claim either, wherein the defendant challenges the prosecutor's decision to "up the ante" against him by filing new charges after he has taken some step in his defense. *See, e.g., United States v. Chagra,* 669 F.2d

241, 248 (5th Cir.1982); and *United States v. Mays,* 738 F.2d 1188, 1189 (11th Cir. 1984).

Interestingly, in *United States v. Goodwin, supra,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74, the Supreme Court found that prosecutorial vindictiveness was more likely and application of a presumption of vindictiveness therefore more justifiable, in a charging decision made after trial, rather than before trial.

> In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. In contrast, once a trial begins—and certainly by the time a conviction has been obtained—it is much more likely that the State has discovered and assessed all of the information against an accused and has made a determination, on the basis of that information, of the extent to which he should be prosecuted. *Goodwin,* 457 U.S. at 381, 102 S.Ct. at 2492–93, 73 L.Ed.2d at 85.

At the hearing on defendant's motion, counsel admitted that he could not find one case in which a defendant raised a vindictiveness claim based on the pretrial filing of new criminal charges by a new prosecutor representing a different sovereign. After a somewhat exhaustive search, this court found several cases in which vindictive prosecution claims were raised in the context of prosecutions by two sovereigns. In *United States v. Burt,* 619 F.2d 831 (9th Cir.1980), the defendants were charged in state court with conspiracy to violate the drug laws. Defendant Dennis, also charged with possession, successfully moved to suppress evidence seized during a house search. The prosecutor then dismissed the possession charge. Later, while the defendants had another motion to suppress relating to the conspiracy charges pending, the state prosecutor moved to dismiss the conspiracy charges. Three months later, the U.S. Attorney indicted

the defendants based on the same facts which had supported the conspiracy charges. In rejecting the vindictiveness claim, the Ninth Circuit noted that all of the cases where vindictive prosecution had been found involved the decision of a single prosecutor's office to attempt to re-indict or re-try a defendant. The court then recalled that a federal prosecution is not barred by a prior state prosecution of the same person for the same acts. *Burt,* 619 F.2d at 837. Ultimately, the court avoided the dual sovereigns issue by determining that even assuming a presumption of vindictive prosecution applied, the government had successfully rebutted any possible inference of vindictiveness arising from the facts of the case. Significantly, the government had decided to prosecute the defendants in federal court before the defendants had asserted their procedural rights in the state proceedings.

Similarly, the defendant in *United States v. Robison,* 644 F.2d 1270 (9th Cir.1981), argued that his federal prosecution was brought in retaliation for his exercise of procedural rights in prior state court cases. Specifically, he complained that his case was presented to the federal grand jury a few days after he won a reversal of his state death sentence. The court found that the defendant had failed to make even a threshold showing of vindictiveness. Though stopping short of holding that a second prosecution can never be vindictive when it follows a successful defense in a foreign jurisdiction, the court stressed that "the involvement of separate sovereigns tends to negate a vindictive prosecution claim." *Robison,* 644 F.2d at 1273. *See also, United States v. Gervasi,* 562 F.Supp. 632 (N.D.Ill.1983) (refusing to apply a presumption of vindictiveness to defendants' claim that their federal prosecution should be dismissed because it was designed to penalize them for their state court successes).

Finally, in *United States v. DeMichael,* 692 F.2d 1059 (7th Cir.1982), the defendant complained that his federal prosecution in Wisconsin was vindictive because it was instituted after two state prosecutions

were dismissed and a federal prosecution in another state was disposed of with a plea bargain. The court in rejecting DeMichael's claim explained:

> [U]nder our federal system there can be simultaneous federal and State prosecutions where similar or identical offenses under the two systems of law are committed as the result of particular conduct on the part of a defendant. Moreover, there is nothing more than exercise of normal prosecutorial discretion involved if the prosecuting attorney is satisfied to drop one prosecution if an adequate result is obtained in the other, or decides to proceed in the second case if an inadequate result is obtained in the first.

*DeMichael*, 692 F.2d at 1062.

■ This court follows the lead of these cases. At the outset, this court finds that there being no realistic fear of vindictiveness involved in this case, nor any showing of actual vindictiveness, a presumption of vindictiveness should not be applied. Though there was close and open cooperation between the state and federal prosecuting authorities involved here, due to the absolute autonomy of the two sovereigns, there could not have arisen on these facts a realistic likelihood of vindictiveness. "A mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule." *Goodwin*, 457 U.S. at 384, 102 S.Ct. at 2494, 73 L.Ed.2d at 87. It is clear that the State Attorney, as the Florida prosecuting official, has no authority over prosecuting decisions made by the United States Attorney, his federal counterpart, who determines what cases should be presented to a federal grand jury. No amount of comity or cooperation between the state and federal prosecutors changes that fact. *But see, Thigpen v. Roberts*, 468 U.S. 27, 31, 104 S.Ct. 2916, 2919, 82 L.Ed.2d 23, 29 (1984).

In some ways, the facts presented here can be likened to those in *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), wherein the court concluded that there was no need to apply a presumption of vindictiveness when the second court in a two-tier trial system imposed a longer sentence on the defendant than did the first. The *Colten* court found it significant that two different sentencers were involved. The fact that the second sentencer imposes a longer sentence does not mean that it is a vindictive penalty for seeking a new trial any more than it means that the first sentencer imposed a lenient penalty. *Colten*, 407 U.S. at 117, 92 S.Ct. at 1960, 32 L.Ed.2d at 594. *See also, Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). Similarly, the fact that a decision was made to prosecute Mr. Gilley in federal court where the penalties are greater does not mean that the government, the second of two prosecutors, has vindictively "increased the charges" against him.

Moreover, *Goodwin, supra*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74, counsels that courts should be cautious in applying an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. Surely it could be said that at the time of Gilley's arrest on state charges in July 1987, the United States Attorney's assessment of the proper extent of prosecution may not have crystallized.

> A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct.

*Goodwin*, 457 U.S. at 382, 102 S.Ct. at 2493, 73 L.Ed.2d at 86. *See also, United States v. Griffin*, 617 F.2d 1342, 1347 (9th Cir.1980) (no appearance of vindictiveness found when the two indictments of the defendant resulted from investigations conducted by two unrelated federal agencies); *Hardwick v. Doolittle*, 558 F.2d 292, 301 (5th Cir.1977) (a prosecutor could negate vindictiveness and explain an increase in charges by demonstrating that the new charges resulted from a different approach to prosecutorial duty by a new prosecutor); and *Thigpen v. Roberts*, 468 U.S. 27, 31, 104 S.Ct. 2916, 2919, 82 L.Ed.2d 23, 29 (1984) (noting without resolving the argument that, if two different prosecutors are involved, a presumption of vindictiveness, which arises in part from assumptions

about the individual's personal stake in the proceedings, may be inappropriate).

 Finally, as was the situation in *Spence, supra,* 719 F.2d 358, even with the benefit of a presumption of vindictiveness applied to the facts presented here, the court finds that the record does not support defendant's claim of prosecutorial vindictiveness. When questioned by this court at the April 29 hearing, the Assistant United States Attorney who prosecuted this case explained the reasons for the federal prosecution of Mr. Gilley. Specifically, Mr. Simpson stated that after an evaluation of the probable sentence Mr. Gilley would receive from the state court should he be convicted, and in light of the quantity and quality of the controlled substances seized from his house, it was decided that a federal prosecution was needed to achieve a result commensurate with the federal prosecutor's assessment of his criminal activity. (Although Mr. Simpson was not under oath at the hearing, his responses to this court's questions are due some presumption of truthfulness in view of his status as an officer of this court.) This case presents precisely the sort of prosecutorial decision-making which is "fully justified as a legitimate response to perceived criminal conduct" as opposed to "an impermissible response to noncriminal, protected activity." *Goodwin,* 457 U.S. at 373, 102 S.Ct. at 2488, 73 L.Ed.2d at 80. In *Burt, supra,* the court discussed similar reasons as justification for the decision to indict the state court defendants in federal court:

> The United States Attorney's office could devote more time and resources to the case. A federal trial would proceed more quickly than a state trial. The federal penalties were more severe, and, in view of the large scope of this conspiracy, more appropriate to fit the crime.

*Burt,* 619 F.2d at 838.

In sum, this court finds that with or without the benefit of a presumption of vindictiveness, the defendant is not entitled to relief on his prosecutorial vindictiveness claim.

Accordingly, it is ORDERED:

1. The defendant's motion for arrest of judgment (documents 51 and 59) is DENIED.

2. Having carefully considered the additional grounds raised in defendant's motion for new trial and the relevant portions of the record, the defendant's motion for new trial (document 50) is hereby DENIED.