977 F.2d 585
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles D. EDWARDSEN, Petitioner/Appellant,
v.
Gary R. McCAUGHTRY, Respondent/Appellee.
 No. 91-3503.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 6, 1992.
Decided Oct. 21, 1992.
 
 Before BAUER, Chief Judge, and CUMMINGS and POSNER, Circuit Judges.
 
 ORDER
 
 1
 Charles Edwardsen alleges that the State of Wisconsin acted vindictively by adding charges to his indictment after his successful appeal. The district court rejected Edwardsen's claims of vindictive prosecution and denied his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We affirm.
 
 I. BACKGROUND
 
 2
 The Kenosha County District Attorney initially charged Edwardsen with one count of battery to a peace officer and one count of possession of cocaine with intent to deliver. Edwardsen pleaded guilty to both counts and received a sentence of fifteen years imprisonment. He then appealed his conviction under a reservation of right, alleging that the trial court had admitted illegally obtained evidence. The appellate court agreed and reversed the conviction.
 
 
 3
 On remand, the prosecutor again charged Edwardsen with the two counts, but added the third charge of attempting to disarm a peace officer. The prosecutor gave the following reason for his decision:
 
 
 4
 I believe it was in negotiation between Mr. Edwardson[1] and his attorney at that time, and the State, whereby as part of an agreement, Mr. Edwardson would waive his preliminary examination and the State would not issue out any information in the attempt to disarm a peace officer. We did not do it at that time a [sic] part of the agreement.
 
 
 5
 Subsequently it was determined that the State was seeking a particular disposition of this case. Recognizing Mr. Edwardson's past criminal record, we thought it would be adequate to convict Mr. Edwardson on two charges, the possession with intent to deliver and the battery to peace officer. Since that time, of course, some of our evidence, where we're coming back for retrial, has been suppressed by the court of appeals.
 
 
 6
 The posture of the case is now such that we do not--are not as confident of a possible conviction on Mr. Edwardson for these two charges because a substantial portion of our evidence has been suppressed.
 
 
 7
 Despite this explanation, Edwardsen objected to the additional charge, claiming vindictive prosecution. After rejecting Edwardsen's claim, the court convicted him on all three counts and sentenced him to ten years imprisonment.
 
 
 8
 Edwardsen appealed his conviction on the basis of vindictive prosecution. After exhausting his state remedies, he filed a petition for a writ of habeas corpus in federal district court, again raising the vindictiveness issue. The district court denied the petition, and Edwardsen appeals.
 
 II. ANALYSIS
 
 9
 A person cannot be punished "because he has done what the law plainly allows him to do." United States v. Goodwin, 457 U.S. 368, 372 (1982). We therefore forbid "vindictive" prosecutions, which are undertaken in retaliation for the exercise of a legally protected statutory or constitutional right. Id. Because of the difficulty of proving this retaliation, we presume vindictiveness where the "action detrimental to the defendant has been taken after the exercise of a legal right" and "a reasonable likelihood of vindictiveness exists." Id. A likelihood of vindictiveness arises where, as in Edwardsen's case, a prosecutor adds extra or more severe charges after a successful appeal. United States v. York, 933 F.2d 1343, 1364 (7th Cir.), cert. denied, 112 S.Ct. 321 (1991).
 
 
 10
 The parties to this appeal agree that the presumption arises, but disagree about the method for rebutting that presumption. Each party cites to cases and tests that support his method. See, e.g., York, 933 F.2d at 1364; United States v. Taylor, 749 F.2d 1511, 1513 (11th Cir.1985). Edwardsen, citing our decision in York, claims that "the due process clause prohibits the government from bringing more serious charges against a defendant unless the prosecutor comes forward with objective evidence demonstrating that the new charges could not have been brought before the defendant exercised his constitutional rights." York, 933 F.2d at 1364. The State disagrees with this impossibility test, arguing that the presumption "could be overcome by [any] objective evidence justifying the prosecutor's action." Goodwin, 457 U.S. at 377.
 
 
 11
 Despite the differing verbal formulations in these cases, every Supreme Court and Seventh Circuit opinion applies a similar standard. Each case allows a prosecutor to rebut the presumption by disproving both (1) actual vindictiveness and (2) the appearance of vindictiveness[2]. Blackledge v. Perry, 417 U.S. 21, 28 n. 7 (1974); York, 933 F.2d at 1365; but see Texas v. McCullouch, 477 U.S. 131 (1986) (where the presumption does not arise, the accused may prevail only by showing actual vindictiveness). The appearance of vindictiveness is relevant because the "fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to collaterally attack his first conviction." North Carolina v. Pearce, 395 U.S. 711, 725 (1969).
 
 
 12
 In Edwardsen's case the State adequately disproved actual vindictiveness. The State claims that it initially charged two offenses because it believed that the offenses would yield a "particularized disposition." However, after the appeal and subsequent suppression of evidence, the State charged three offenses because it was less confident of a conviction on the initial charges. A similar explanation was sufficient to rebut the presumption of actual vindictiveness in United States v. Taylor, 749 F.2d at 1514.
 
 
 13
 We also find no appearance of vindictiveness. Although we agree that a prosecutor's decision to add charges after appeal generally appears vindictive, we find extenuating circumstances in Edwardsen's case. The judge in this case negated any appearance of vindictiveness by sentencing Edwardsen to ten-years imprisonment, a sentence five years lower than his original term. Because no one knowing of this sentence would believe that Edwardsen was punished for pursuing the right to appeal, his case is unlikely to deter anyone from exercising similar rights.
 
 
 14
 Finding no actual or apparent vindictiveness, we AFFIRM the district court.
 
 
 
 [1]
 Although many state documents refer to the defendant as "Edwardson," the correct spelling is "Edwardsen."
 
 
 [2]
 The only arguable exception to this is the Supreme Court's decision in Wasman v. United States, 468 U.S. 559, 573-75 (1984). In Wasman, a plurality of four justices wrote, in dicta, that a prosecutor need only disprove actual vindictiveness. Five justices, however, concurred with the plurality, all agreeing that a prosecutor must disprove both vindictiveness and the appearance of vindictiveness