[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 29, 2007
THOMAS K. KAHN
CLERK

No. 07-11407
Non-Argument Calendar
_____

D. C. Docket No. 06-00125-CR-ORL-19-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDER CHARLES WEAVER,
a.k.a. Roe,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 29, 2007)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Rolander Charles Weaver appeals his 102-month sentence for

conspiring to possess with intent to distribute a substance containing cocaine hydrochloride. Weaver argues that his sentence should not have been enhanced based on possession of a firearm, under U.S.S.G. § 2D1.1, because the government violated his plea agreement by adding the enhancement in retaliation for his objection to the presentence investigation report ("PSI"). He also argues that he should not have received the firearm enhancement because the jury did not find that he had possessed a firearm.

We review *de novo* the legal question of whether a presumption of prosecutorial vindictiveness arises under the Supreme Court's case law. *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006). In addition, we review the district court's findings of fact concerning prosecutorial vindictiveness for clear error. *See* id.

In *Blackledge v. Perry*, the Supreme Court held that it was a violation of the defendant's due process rights for the government to bring new and more serious charges against him after the defendant was granted a trial *de novo*. 417 U.S. 21, 28-29, 94 S. Ct. 2098, 2103 (1974). The Supreme Court noted, "A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased

potential period of incarceration." *Id.* at 28, 94 S. Ct. at 2102-03. Therefore, a prosecutor violates a defendant's due process rights when additional charges are added as retaliation "for exercising statutory or constitutional rights." *United States v. Spence*, 719 F.2d 358, 361 (11th Cir. 1983); *see Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S. Ct. 663, 668 (1978). A presumption of vindictiveness applies when a prosecutor brings more serious charges following the defendant's exercise of procedural rights and

> the circumstances demonstrate either actual vindictiveness or a realistic fear of vindictiveness. Where the circumstances show only a realistic fear of vindictiveness, however, the strength of the presumption is determined by a balancing test which weighs the need to give defendants freedom to decide whether to appeal against the need to give the prosecutors freedom to decide whether to prosecute.

*Spence*, 719 F.2d at 361-62 (quotation and alteration omitted). Where the presumption of vindictiveness applies, the government may prove, through objective evidence, that there was no actual vindictiveness. *Id.* at 362; *Barner*, 441 F.3d at 1317 n.6. "Vindictiveness in this context means the desire to punish a person for exercising his rights." *Barner*, 441 F.3d at 1315.

The Supreme Court also has held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 499 (1971). Furthermore, whether the

3

government violated a plea agreement "is judged according to the defendant's reasonable understanding at the time he entered his plea." *United States v. Taylor*, 77 F.3d 368, 370 (11th Cir. 1996) (quotation omitted). However, we will enforce any sentence appeal waivers contained within a valid plea agreement. *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993).

As an initial matter, we conclude from the record that the government did not violate Weaver's plea agreement. The plea agreement stated that the government reserved the right to report "relevant factual information, including the totality of the defendant's criminal activities," to the court and the probation office, and did not indicate that the government agreed not to hold Weaver responsible for the firearm. Therefore, we conclude that the government did not violate the agreement by presenting information to the probation office that resulted in Weaver being held accountable for the firearm. *See Taylor*, 77 F.3d at 370.

Weaver's claim that the government vindictively retaliated against him fails because he has not shown that the district court clearly erred in finding that he had not established that the firearm enhancement was applied as a result of prosecutorial vindictiveness.[1] We need not determine whether a presumption of

---

[1] Although Weaver's argument that he should not have received the firearm enhancement because the government sought the enhancement in order to retaliate against him for exercising his rights may be barred by his sentence appeal waiver, we decline to address the issue because the government has not made this argument on appeal. *See United States v. Ford*, 270 F.3d

prosecutorial vindictiveness applies to this case because Weaver's claim fails even if a presumption of vindictiveness applies. Here, the government presented evidence that the results of the search of Weaver's house were turned over to the probation office because the probation office requested additional details about the case in response to Weaver's objections to the PSI. Thus, the government presented evidence that the information was not turned over out of vindictiveness. *See Barner*, 441 F.3d at 1317 n.6.

Additionally, we hold that Weaver's argument that he should not have received the firearm enhancement because the jury did not find that he had possessed a firearm is barred by the sentence appeal waiver provision of his plea agreement. *See Bushert*, 997 F.2d at 1350-51. Accordingly, we affirm Weaver's sentence.

**AFFIRMED.**

---

1346, 1347 (11th Cir. 2001) (stating that this court has a "well established rule . . . that issues and contentions not timely raised in the briefs are deemed abandoned.").