[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13057

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PAUL EDWARD LEE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cr-00066-MMH-MCR-1

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Paul Lee, Jr., appeals the district court's denial of his motion to dismiss his indictment by a grand jury. He argues that this indictment was the result of the government's vindictive prosecution, which occurred, Lee contends, because he moved for a judgment of acquittal in his prior related case. Lee claims that a presumption of vindictiveness should have attached to the government's decision to reindict him for the same conduct. Alternatively, Lee argues that his proffered evidence demonstrates that the government was vindictive. After careful review, we affirm the district court's decision.

## I.

In 2018, Lee was indicted on one count of solicitation of child pornography, in violation of 18 U.S.C. § 2251(d)(1)(A), (d)(2)(B), (e), and a jury subsequently found Lee guilty. In 2020, before sentencing and entry of final judgment, Lee filed an unopposed motion for judgment of acquittal based on a change in this Court's precedent in *United States v. Caniff*, 955 F.3d 1183 (11th Cir. 2020). In *Caniff*, we interpreted the meaning of the solicitation of child pornography statute in a way that ostensibly invalidated Lee's conviction. The district court granted Lee's motion and acquitted him.

On May 7, 2020, after Lee moved for acquittal but before the district court ruled, the government filed a criminal complaint

against Lee based on the same conduct as that in the 2018 indictment, but this time alleging attempted production of child pornography in violation of 18 U.S.C. § 2251(a), (e).  A grand jury returned an indictment on the same conduct, charging Lee with one count of attempted child enticement, in violation of 18 U.S.C. §§ 2422(b), 2427 (Count One); and one count of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count Two).

On June 18, 2020, Lee moved to dismiss the 2020 indictment due, in relevant part, to vindictive prosecution and violation of his double jeopardy rights.  Lee argued that the government filed new, harsher charges as retribution for his motion for acquittal in the 2018 case, and Lee noted that the government had uncovered no new evidence to support additional, harsher charges.

On June 24, 2020, the government moved to dismiss Count One of the 2020 indictment, and the district court granted the motion on June 29.  On July 9, the government responded to Lee's motion to dismiss, arguing in relevant part that a presumption of vindictiveness does not apply when an indictment follows an acquittal rather than an appeal.  The government also argued that the new charges were brought not to punish Lee for exercising his rights, but instead to ensure that Lee would not escape penalty for his criminal conduct.  The government explained that it had exercised prosecutorial discretion when it decided to bring only one charge in the 2018 indictment, which was later revealed to be flawed based on new caselaw from this Court.  Accordingly, the government argued that there was no presumption of

vindictiveness—but even if a presumption applied, it was rebutted by the government's reasoning, and Lee had not offered adequate evidence to prove actual vindictiveness.

The district court denied Lee's motion to dismiss the 2020 indictment, noting in relevant part that the government's dismissal of Count One mooted Lee's argument regarding a harsher statutory maximum penalty under the 2020 indictment because the remaining charge carried the same statutory maximum as the charge in the 2018 indictment. The district court cited our holding in *United States v. Kendrick*, 682 F.3d 974, 983 (11th Cir. 2012), explaining that we found "no presumption of vindictiveness where [the] second indictment came after acquittal, rather than successful appeal, and did not seek heightened charges." The district court also denied the motion on double jeopardy grounds.

Lee filed an interlocutory appeal with this Court, arguing that the 2020 indictment violated his double jeopardy rights. We affirmed the district court's order concluding that Lee's double jeopardy rights were not violated and remanded the case.

Following the resolution of the interlocutory appeal, a jury found Lee guilty of Count Two. The district court sentenced Lee to 360 months of imprisonment, followed by a life term of supervised release. Lee filed his notice of appeal shortly thereafter.

## II.

We review for abuse of discretion the district court's denial of a motion to dismiss an indictment based on a vindictive-prosecution claim. *Kendrick*, 682 F.3d at 981. "Abuse-of-discretion

review recognizes the range of possible conclusions the trial judge may reach, and we must affirm unless we determine that the district court made a clear error of judgment or applied an incorrect legal standard." *Id.* (quotation marks and citations omitted). We review *de novo* "whether, on undisputed facts, a presumption of vindictiveness arises." *United States v. Barner*, 441 F.3d 1310, 1315 (11th Cir. 2006).

Generally, if a prosecutor has probable cause to believe that the defendant committed a crime, "the courts have no authority to interfere with a prosecutor's decision to prosecute." *Id.* However, reindictment "violates due process whenever a prosecutor adds new charges merely to retaliate against the defendant for exercising statutory or constitutional rights." *Kendrick*, 682 F.3d at 981 (quotation marks omitted). A prosecutor's decision to seek heightened charges after a defendant successfully appeals his conviction on other charges for the same conduct is presumed to be vindictive. *Barner*, 441 F.3d at 1315–16. The government may rebut this presumption by establishing that its reasons for adding the new charges were "other than to punish a pesky defendant for exercising his legal rights." *United States v. Jones*, 601 F.3d 1247, 1260 (11th Cir. 2010) (quotation marks omitted). Once rebutted, the defendant's vindictive prosecution defense will survive if he can affirmatively demonstrate actual vindictiveness. *Id.* at 1261. In other words, he must show that the government's justification is pretextual. *Id.*; *see United States v. Goodwin*, 457 U.S. 368, 384 (1982) ("In declining to apply a presumption of vindictiveness, we of course do not foreclose the possibility that a defendant in an

appropriate case might prove objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do.").

## III.

Here, we conclude that the district court did not abuse its discretion in denying Lee's motion to dismiss the 2020 indictment for vindictive prosecution. This is so for two reasons. First, the district court was correct not to apply the presumption of vindictiveness because an indictment after acquittal, without more, does not give rise to such a presumption, *Kendrick*, 682 F.3d at 983, and Lee has demonstrated no additional reason for such a presumption. Second, the district court did not err in finding that Lee failed to establish actual vindictiveness. The government convincingly demonstrated that, after the change in caselaw in *Caniff*, its 2020 indictment was motivated by a desire that Lee not go unpunished. We explain each issue in turn.

## A.

The district court was correct not to apply the presumption of vindictiveness. In *Kendrick*, we held that "bringing a second indictment, supported by evidence, against a defendant after an acquittal does not result in a presumption of vindictiveness." 682 F.3d at 983. Since the government indicted Lee after he moved for acquittal, *Kendrick* straightforwardly bars the presumption of vindictiveness, at least absent additional reasons. *See id.* at 982–83 (endorsing the view that "acquittal alone is insufficient" for the presumption).

23-13057               Opinion of the Court                    7

On appeal, Lee argues that his case is distinguishable from *Kendrick* because, while *Kendrick* involved acquittal by a jury, his acquittal resulted from the exercise of his legal right to move for a judgment of acquittal. Lee maintains that the government's 2020 indictment was retaliation for his motion. Evidence for this, he claims, is that the government filed its 2020 complaint *after* his motion but *before* the district court approved it.

However, we need not find that this slight procedural difference creates an exception to *Kendrick*, because there is no reasonable likelihood of vindictiveness in this case. *See Barner*, 441 F.3d at 1318 ("It is not necessary for us to decide today whether the presumption can ever arise in a pre-trial setting, because even assuming compelling facts could justify a presumption in a pre-trial setting, such facts would have to form a realistic likelihood of vindictiveness. *Goodwin*, 457 U.S. at 383–84, 102 S. Ct. 2485. The factors cited by the district court and relied on by Barner do not present that likelihood.").

Crucially, the government did not oppose Lee's motion for acquittal. As the Third Circuit, whose reasoning we approved in *Kendrick*,[1] has explained:

> The evil that a presumption of vindictiveness seeks to eradicate is the threat of retaliation when an accused exercises a right in the course of the prosecution. Where, however, the prosecutor has done nothing to

---

[1] *See Kendrick*, 682 F.3d at 982–83 (generally following *Esposito* in holding that indictments after acquittals do not warrant a presumption of vindictiveness).

> deter the exercise of one's right during the case or
> proceeding, and the prosecution has come to a natu-
> ral end, no presumption of vindictiveness applies.

*United States v. Esposito*, 968 F.2d 300, 303–04 (3d Cir. 1992).  That the government did not oppose Lee's motion for acquittal is strong evidence that the government did not seek to "deter the exercise of [Lee's] right during the case." *Id.* at 303.  Accordingly, absent stronger evidence to the contrary, "there is no presumption of vindictiveness." *Kendrick*, 682 at 983.

The only relevant facts to which Lee points are (1) that the government sought the 2020 indictment *after* his motion but *before* the district court acquitted him and (2) that the new penalty or penalties he faced were harsher.  He says these facts reveal vindictiveness.  But there is a more reasonable explanation: a change in this Court's caselaw in *Caniff* made the conviction based on the 2018 indictments ripe for acquittal, and the government sought to prevent Lee's escape from liability for his criminal conduct.  "The government's attempt to obtain a new indictment that would charge the conduct correctly is analogous to conduct we [have] held permissible." *Barner*, 441 F.3d at 1319 (citing *United States v. Taylor,* 749 F.2d 1511, 1514 (11th Cir.1985)).  And of course, different charges can carry different and, thus, harsher penalties,[2] and the government is not required to bring all charges at the same time.  We thus

---

[2] Accordingly, we need not decide whether the two charges initially brought in the 2020 indictment or the single charge after the government moved to dismiss one of the charges are harsher than the charges in the 2018 indictment.

conclude that the district court was correct not to apply the presumption of vindictiveness.

**B.**

We also conclude that the district court correctly determined that Lee failed to establish actual vindictiveness. To establish actual vindictiveness, a defendant "must show that the government's justification is pretextual." *Jones*, 601 F.3d at 1261 (citing *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987), *reh'g en banc granted, opinion vacated*, 816 F.2d 695 (D.C. Cir. 1987), *and opinion reinstated on reconsideration sub nom. Bartlett on Behalf of Neuman v. Bowen*, 824 F.2d 1240 (D.C. Cir. 1987)). "[A] defendant may show 'actual vindictiveness' . . . [by] prov[ing] through objective evidence that a prosecutor acted in order to punish him for standing on his legal rights." *Meyer*, 810 F.2d at 1245 (citing *Goodwin*, 457 U.S. at 380–81, 384 & n. 19)). "This showing is, of course, exceedingly difficult to make." *Id.* Here, the government offered convincing evidence of a permissible reason for its 2020 indictments, and Lee's evidence to the contrary is not persuasive.

There was no reasonable likelihood that the government sought the 2020 indictment vindictively due to Lee's decision to move for acquittal. As the government explained to the district court, the government exercised its prosecutorial discretion to bring only one count in the 2018 indictment for reasons of judicial economy, but after our decision in *Caniff* made it reasonable to expect Lee's acquittal, the government had a reasonable interest in bringing the 2020 indictment so that Lee did not escape liability

simply because this choice became defective after a change in this Court's precedent. This explanation is persuasive. *See Spence*, 719 F.2d at 364 ("A charging decision does not impose an improper penalty unless it results from a defendant's exercise of a protected legal right, rather than the prosecutor's normal assessment of the societal interest in prosecution." (quotation marks omitted)); *Taylor*, 749 F.2d at 1514 ("A mistake or oversight in the prosecutor's initial decision is a sufficient explanation to negate a subsequent claim of vindictiveness," so "the district court correctly concluded that the prosecutor's motivation for indicting Taylor on additional charges was to secure a conviction and sentence commensurate with his assessment of Taylor's criminal conduct and not to penalize him for taking an appeal.").

Additionally, we have already dealt with some of Lee's offers of proof of vindictiveness. *See supra* at Part III.A. Other facts Lee offers as proof are: (1) that the government did not explain its dismissal of Count One after Lee brought his motion to dismiss, (2) that there was no new evidence developed for the 2020 indictment, (3) that the victim was the minor child of an FBI agent, (4) that a witness at the first trial was an FBI agent, and (5) that the government did not issue a press release after his acquittal as it had for his arrest.

These facts adduced by Lee do not establish that the government's explanation was pretextual. Indeed, Lee's inferences from these facts are entirely speculative, and the factual record supports the government's explanation. The government did not oppose

Lee's motion for acquittal, which indicates that the government did not consider Lee to be a "pesky defendant . . . exercising his legal rights." *Jones*, 601 F.3d at 1260 (quoting *Hardwick v. Doolittle*, 558 F.2d 292, 301 (5th Cir. 1977)). Instead, this fact indicates that the government's motivation was a reasonable belief that Lee's motion would be granted in the wake of *Caniff*. The government's dismissal of Count One in the second trial also indicates that the government was not attempting to punish Lee for his motion for judgment of acquittal. Indeed, a "normal assessment of the societal interest in prosecution" reveals that, without a second indictment, Lee would receive no penalty for significant felonious conduct, and the government's interests in retribution and protection of the public weigh heavily against that result. *See Spence*, 719 F.2d at 364.

In the absence of evidence of a reasonable likelihood of vindictiveness, Lee's argument fails, and we conclude that the district court did not abuse its discretion in denying his motion to dismiss. Accordingly, we affirm.

**AFFIRMED.**