State of Wisconsin, Plaintiff-Respondent,
v.
Michael Slinker, Defendant-Appellant.
No. 03-1892-CR.
Court of Appeals of Wisconsin.
Opinion Filed: September 8, 2004.
Before Brown, Nettesheim and Snyder, JJ.
¶1 PER CURIAM.
Michael Slinker appeals from a judgment of conviction for two counts of first-degree sexual assault of a child and from an order denying his postconviction motion. He argues that he was subject to prosecutorial vindictiveness, that he was denied the effective assistance of postconviction counsel because counsel moved for a new trial and did not merely seek sentence modification, and that the new consecutive sentence was unduly harsh, an erroneous exercise of discretion, and a violation of due process. We reject his claims and affirm the judgment and order.
¶2 In 1996, following a jury trial, Slinker was convicted in Sheboygan County of two counts of first-degree sexual assault of a child. He was sentenced to a twenty-year prison term and a consecutive ten-year term of probation. Subsequently, in Washington County, Slinker entered a guilty plea to first-degree sexual assault of a child and incest. He was sentenced to a total of twenty-five years in prison. The sentence was imposed concurrent with Slinker's then-existing sentence in the Sheboygan County case.
¶3 In 1998 the trial court vacated the Sheboygan County conviction and ordered a new trial on the ground that Slinker had been denied the effective assistance of counsel. The prosecution dismissed the original case and filed a new complaint charging the original two counts with an additional penalty enhancer[1] plus five additional counts of sexual assault involving the same victim. Slinker entered a guilty plea to the original two counts and the remaining charges were dismissed. Again a twenty-year prison term was imposed along with a twenty-five year term of probation. However, the sentence was imposed consecutive to the Washington County sentence.[2]
¶4 Slinker filed a postconviction motion seeking to withdraw his plea or, in the alternative, sentence modification. He alleged that Attorney Michael Backes, who had represented Slinker in his motion for a new trial in the original Sheboygan County case and served as trial counsel in this case, was ineffective for moving for a new trial. Attorney Backes testified that he had been retained by Slinker to obtain a new trial, that Slinker was concerned that he had not received a fair trial, and that he discussed with Slinker the risks of new charges and a longer sentence attendant to having the original judgment vacated. He explained that the plan was to overturn the Sheboygan County conviction and then move to withdraw Slinker's plea in the Washington County case on the ground that it was compelled by the results in the Sheboygan County case. The trial court concluded that Attorney Backes was not constitutionally deficient and rejected Slinker's other claims. The motion for postconviction relief was denied.
¶5 Slinker's claim of prosecutorial vindictiveness is twofold: first, that the filing of new charges after his successful challenge to the original conviction was vindictive because the charges were based on conduct considered at the original sentencing, and second, that despite a "plethora of mitigating sentencing factors," including Slinker's genuine acceptance of responsibility as evidenced by his guilty plea, the prosecutor recommended a sentence more than double than what had been recommended three years earlier.
In order to decide whether a prosecutor's decision to bring additional charges constituted prosecutorial vindictiveness in violation of the defendant's due process rights, we first must determine whether a realistic likelihood of vindictiveness exists; if indeed it does exist, then a rebuttable presumption of prosecutorial vindictiveness applies. If we conclude that no presumption of vindictiveness applies, we next must determine whether the defendant has established actual prosecutorial vindictiveness.
State v. Johnson, 2000 WI 12, ¶17, 232 Wis. 2d 679, 605 N.W.2d 846. The legal principles surrounding a claim of prosecutorial vindictiveness present questions of law that we review de novo. Id., ¶18.
¶6 A presumption of vindictiveness arises when a prosecutor files more serious charges against a defendant after the defendant wins a new trial. Id., ¶32. However, the cases applying the presumption when increased or added charges are filed involve charges arising out of the same course of conduct. See Thigpen v. Roberts, 468 U.S. 27, 30-31 (1984); Blackledge v. Perry, 417 U.S. 21, 23 (1974); State v. Edwardsen, 146 Wis. 2d 198, 203 n.1, 430 N.W.2d 604 (Ct. App. 1998). Here, the added charges arise out of separate conduct and could have been brought at any time. It is an important distinction and renders the presumption of prosecutorial vindictiveness inapplicable. State v. Williams, 2004 WI App 56, ¶45, 270 Wis. 2d 761, 677 N.W.2d 691.
¶7 To establish actual vindictiveness, "there must be objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights." Johnson, 232 Wis. 2d 679, ¶47 (citation omitted). The trial court's finding of fact regarding whether the defendant established actual vindictiveness is reviewed under the clearly erroneous standard. Id.
¶8 The trial court found that the prosecutor advanced legitimate and sufficient reasons for the additional charges.[3] Although the information about the other counts was available to the prosecutor before the original trial, such conduct was not charged as it would have necessitated adjournment of the trial which was to start approximately two weeks after the prosecutor received the additional information. The prosecutor also explained that the victim wanted to pursue additional charges if she was going back to trial. The trial court's finding is not clearly erroneous.
¶9 Slinker suggests that vindictiveness is demonstrated because the motion to dismiss the original prosecution was filed without notice, on the eve of trial, and after the prosecutor refused to respond to overtures to resolve the case without a trial. That the motion was without notice is not of record in this appeal. Slinker could have sought reconsideration of the dismissal based on lack of notice but did not. The prosecutor had timely informed Slinker of an acceptable resolutionguilty pleas to the two original charges. The prosecutor's refusal to negotiate further does not demonstrate bad faith or vindictiveness.
¶10 The prosecutor's sentencing recommendation does not provide a basis for a claim of vindictiveness because it is a nonbinding recommendation to the court. Further, the prosecutor indicated that a stiffer sentence was recommended because the prosecutor did not believe that Slinker was rehabilitated to the extent he was claiming and the prosecutor had learned more details of the other assaults underlying the additional charges. Nothing precludes the prosecutor from taking a hard line. We reject Slinker's claim that he was subject to prosecutorial vindictiveness.
¶11 Slinker next claims that his postconviction counsel failed to fully and timely advise him of the negative consequences of seeking and obtaining a new trial in light of the concurrent Washington County sentence. He challenges counsel's strategy in seeking a new trial in Sheboygan County and possibly seeking sentence modification in Washington County based on the vacated Sheboygan County conviction. He faults counsel for not foreseeing that he could not be acquitted on the Sheboygan County charges and that additional charges would be made.
¶12 In order to find that trial counsel was ineffective, the defendant must show that counsel's representation was deficient and prejudicial. State v. Thiel, 2003 WI 111, ¶18, 264 Wis. 2d 571, 665 N.W.2d 305. Whether counsel's actions constitute ineffective assistance is a mixed question of law and fact. Id., ¶21. The trial court's findings of what counsel did and the basis for the challenged conduct are factual and will be upheld unless clearly erroneous. Id. However, whether counsel's conduct amounted to ineffective assistance is a question of law which we review de novo. Id.
¶13 Slinker's claim challenges the strategy decision Slinker made himself. Attorney Backes testified that Slinker expressed a desire to have a new trial because he felt the trial had been unfair. Attorney Backes indicated that Slinker was adamant on that point. The trial court found this testimony to be credible in the face of Slinker's testimony that he really only wanted a sentence modification and never intended to dispute his guilt. Attorney Backes also indicated that he had discussed the risks of a new trial with Slinker, thus reflecting that the strategy decision was based "upon rationality founded on the facts and the law." State v. Felton, 110 Wis. 2d 485, 502, 329 N.W.2d 161 (1983). Merely because counsel's strategy was unsuccessful does not mean that his performance was legally insufficient. See State v. Teynor, 141 Wis. 2d 187, 212, 414 N.W.2d 76 (Ct. App. 1987). It was Slinker's decision to file the motion for a new trial. Counsel was ethically obligated to comply with that decision and cannot be deemed ineffective for doing so. State v. Divanovic, 200 Wis. 2d 210, 225, 546 N.W.2d 501 (Ct. App. 1996). Slinker is essentially complaining about his own decision and was not prejudiced by counsel's advice. See State v. Oswald, 2000 WI App 3, ¶50 n.7, 232 Wis. 2d 103, 606 N.W.2d 238.
¶14 Slinker also argues that trial counsel was ineffective at sentencing because counsel failed to inform the court or prove that the Washington County court intended its sentence to result in a "net" five-year term. He argues that if the Sheboygan County court had been provided with information that the sentences were interlocking, it was more likely that the Sheboygan County court would have structured its sentence to give effect to that intent and that a concurrent rather than consecutive sentence would have been imposed. Slinker failed to ask counsel about this aspect of his performance and therefore the issue is waived. See State v. Elm, 201 Wis. 2d 452, 463, 549 N.W.2d 471 (Ct. App. 1996).
¶15 Additionally, Slinker was not prejudiced by counsel's failure to make that argument at sentencing. This court rejected the contention that the Sheboygan and Washington County sentences were interrelated and the Washington County court intended only a five-year "net" term. State v. Slinker, No. 01-1231-CR, unpublished slip op. at ¶¶8-9 (WI App Feb. 27, 2002). The argument counsel failed to advance lacked merit and Slinker was not prejudiced by counsel's conduct. See State v. Cummings, 199 Wis. 2d 721, 748 n.10, 546 N.W.2d 406 (1996).
¶16 Slinker argues that the twenty-year consecutive sentence is harsh and an erroneous exercise of discretion. Sentencing is left to the discretion of the trial court. There is a strong public policy against interference with the sentencing discretion of the trial court and a presumption that the trial court acted reasonably. State v. Bizzle, 222 Wis. 2d 100, 104-05, 585 N.W.2d 899 (Ct. App. 1998). To overturn a sentence, a defendant must show some unreasonable or unjustifiable basis for the sentence in the record. State v. Petrone, 161 Wis. 2d 530, 563, 468 N.W.2d 676 (1991). Reliance upon factors which are totally irrelevant or immaterial or placing too much weight on one factor in the face of other contravening considerations constitutes an erroneous exercise of discretion. Bizzle, 222 Wis. 2d at 105.
¶17 Slinker contends that the court ignored his institutional rehabilitation, particularly his acceptance of responsibility during sexual offender treatment in prison. The sentencing court acknowledged Slinker's success in accepting responsibility for his sexual misconduct. Yet it found the seriousness of the offenses and the abuse of the parental relationship to be a compelling factor. We are not persuaded that the court ignored Slinker's rehabilitative achievements. It simply found other factors more compelling.
¶18 Slinker also argues that the court was required to consider the prior "interlocking nature of the Sheboygan and Washington County sentencing structure" which existed in 1996. This is nothing more than an attempt to advance an argument that was rejected in his appeal of the Washington County sentence. There was no intended linkage between the sentences. The sentencing court was required to individualize the sentence in this case and properly did so. The court stated that a consecutive sentence was warranted because a different victim was involved and that victim had to know that Slinker was being punished for his crimes against her.
¶19 Finally, Slinker argues that the increased sentence violates his right to due process. See North Carolina v. Pearce, 395 U.S. 711, 725 (1969); State v. Church, 2003 WI 74, ¶30, 262 Wis. 2d 678, 665 N.W.2d 141.[4] In order to protect a defendant from vindictiveness upon resentencing, the court that imposes a more severe sentence must affirmatively state the reasons and the reasons must be based upon "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Pearce, 395 U.S. at 726. Whether the increased sentence violates Slinker's right to due process is a question of law that we review de novo. Church, 262 Wis. 2d 678, ¶17.
¶20 Pearce created a prophylactic rule that applies a presumption of vindictiveness. Wasman v. United States, 468 U.S. 559, 564-65 (1984). The rule does not apply in every case where a defendant receives a higher sentence after retrial. Texas v. McCullough, 475 U.S. 134, 138 (1986). Here, like McCullough, the presumption does not apply because it was the trial court itself that granted Slinker's motion for a new trial and no motivation to act vindictively exists. Id. at 138-39.
¶21 Even if the presumption does apply, "[c]onsideration of a criminal conviction obtained in the interim between an original sentencing and a sentencing after retrial is manifestly legitimate." Wasman, 468 U.S. at 569-70. At the first sentencing the court was informed that Slinker was charged in Sheboygan County and Slinker himself indicated that the case was going to be resolved by a plea. However, that had not yet occurred. At sentencing after the new trial was granted, the sentencing court was justified in considering that additional conviction. Additionally, the sentencing court considered the existence of the additional charges in assessing the seriousness of offenses. That Slinker was charged for multiple offenses demonstrated to the court the recurring set of events which Slinker could have stopped but did not. This was objective information supporting the increased sentence. See State v. Stubbendick, 110 Wis. 2d 693, 704, 329 N.W.2d 399 (1983) (enhanced knowledge of the extent and circumstances of criminal activity is an objective factor supporting an increased sentence).
¶22 To the extent that Slinker relies on actual vindictiveness upon resentencing, he has not met his burden. See McCullough, 475 U.S. at 138 (where the presumption does not apply, a defendant may still obtain relief by demonstrating actual vindictiveness). The sentencing court pointedly explained that it was not considering that Slinker had been granted a new trial. Moreover, the sentencing remarks reflect a proper exercise of discretion. There was no actual vindictiveness in the sentence and no violation of Slinker's right to due process.
By the Court.  Judgment and order affirmed.
NOTES
[1] The added penalty enhancer was that the sexual assault was committed by a person responsible for the welfare of the child under WIS. STAT. § 948.02(3m) (1997-98).
[2] Slinker moved for sentence modification in Washington County claiming that the subsequent Sheboygan County sentence was a new factor that frustrated the purpose behind the Washington County sentence of requiring Slinker to serve just twenty-five years total. The motion was denied and affirmed on appeal. State v. Slinker, No. 01-1231-CR, unpublished slip op. (WI App Feb. 27, 2002).
[3] Slinker does not argue that the added penalty enhancer to the original charges was vindictiveness. Since the sentence imposed was below the enhanced maximum, the added penalty enhancer never came into play.
[4] Slinker also makes a separate argument that the sentence violates the Double Jeopardy Clause. In his reply brief he concedes that the claim is subsumed by his due process claim.